United States District Court
for the
Southern District of Florida

| Bunmi Kayode, Plaintiff | ) | |
|---|---|---|
| v. | ) | Civil Action No. 18-62416-Civ-Scola |
| ABB, Inc., Defendant. | ) | |

## **Order Remanding Case**

     This matter is before the Court upon an independent review of the record. On October 10, 2018, the Defendant ABB, Inc. ("ABB") removed this case from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, asserting jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. (ECF No. 1.) After reviewing the notice of removal and underlying Complaint, the Court finds that ABB has not established the existence of diversity jurisdiction and, accordingly, **remands** this case to the Florida state court.

### 1. Background

     The Plaintiff Bunmi Kayode ("Kayode") asserts three causes of action under the Florida Civil Rights Act for disparate treatment and retaliation in his workplace, claiming damages in excess of $15,000. (ECF No. 1-2 at ¶ 1.) As relevant here, the Complaint alleges that Kayode, who is of Nigerian decent, is and has been employed by ABB since July 31, 2009. (*Id.* at ¶¶ 2, 12.) Further, Kayode alleges he complained of disparate treatment to ABB's human resources department in June 2017, (*Id.* at ¶ 13); filed an employment discrimination charge with the Equal Employment Opportunity Commission on October 9, 2017, (*Id.* at ¶ 6); and continued to work at ABB until August 18, 2018, when he took a leave of absence, (*Id.* at ¶¶ 2, 17). The Complaint seeks back and front pay, compensatory damages, costs and attorneys' fees. (*Id.* at ¶¶ 27, 33, 41 ("WHEREFORE" clause).)

     ABB argues that federal jurisdiction exists under section 1332 because there is complete diversity of parties, as Kayode is a citizen of Florida and ABB a citizen of Delaware and North Carolina, and the amount in controversy exceeds $75,000. (ECF No. 1 at 2-4.) With respect to the latter element, the ABB argues that the amount in controversy exceeds the jurisdictional requirement based on the face of the Complaint. (*Id.*)

## 2. Legal Standard

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Id.* "The existence of federal jurisdiction is tested at the time of removal," *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008), and "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala.*, 168 F.3d at 411-12. "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411; *see also Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

Removal is proper based on diversity jurisdiction where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the case is between citizens of different States. 28 U.S.C. § 1332. As for the first requirement, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Conclusory assertions that the jurisdictional amount is met do not suffice, and the Court will not speculate in an attempt to compensate for a defendant's insufficient allegations of jurisdiction. *Id.* at 1320; *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."). Indeed, "[w]hen a plaintiff does not plead a specific amount of damages, the defendant must introduce evidence that the amount in controversy exceeds the jurisdictional requirement." *Brown Heating & Air Conditioning, LLC v. Sunbelt Rental, Inc.*, No. 15-20151, 2015 WL 12712059, *2 (S.D. Fla. May 29, 2015) (Torres, Mag. J.).

## 3. Discussion

The Complaint only alleges that the amount in controversy exceeds $15,000, (ECF No. 1-2 at ¶ 1); thus, the Court looks to the notice of removal.

*Williams*, 269 F.3d at 1319. In the notice, ABB argues that it is facially apparent from the Complaint that the amount in controversy exceeds $75,000 because Kayode seeks payment of back and front pay, he complains of conduct beginning in June 2017, and his salary is $60,000 per year. (ECF No. 1 at 3.) Thus, ABB concludes that "if the trial in this matter occurs within a year of the date of the filing of [Kayode's] Complaint and [Kayode] is successful, he seeks to recover together with any other remedies, two years of back pay, which alone could exceed $120,000 if unmitigated." (*Id.*)

This argument is speculative and unsupported by the Complaint's actual allegations. The Complaint alleges that Kayode worked at ABB until August 2018, and there are no allegations that he was not paid during that time. (ECF No. 1-2 at ¶¶ 2, 12.) Thus, ABB's assertion that Kayode is seeking $60,000 in back pay from June 2017 to June 2018 is not factually supported by the record. Further, at the time of removal, Kayode had been on leave for almost two months. While it is not clear whether this leave was paid or not, his salary for those two months would not satisfy the jurisdictional requirement in any event. And salary payments due after removal do not factor into the Court's jurisdictional calculus. *See Adventure Outdoors,* 552 F.3d 1290 at 1294-95 ("The existence of federal jurisdiction is tested at the time of removal."); *see also Davis v. Tampa Ship, LLC*, No. 8:14-cv-651-T-23MAP, 2014 WL 2441900, *2 (M.D. Fla. May 30, 2014) ("Even if a court could deduce, infer, or extrapolate post-removal back-pay, that back-pay is not in controversy at the time of removal." (quotations omitted)); *Brown*, 2015 WL 12712059, at *3, n.2 ("To include speculation as to what funds [a party] may receive through an undetermined date violates clear precedent that speculating about the amount in controversy beyond the date of removal is improper."). ABB's alternate theory—that Kayode "also seeks damages for front pay and compensatory damages, which may include emotional pain and suffering, attorney's fees and costs, and any other relief the Court deems just and equitable"—is not supported by any facts or evidence as to the amount of such damages and is therefore inconsequential. *Lowery*, 483 F.3d at 1215 ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."); (ECF No. 1 at 3.) Thus, ABB has not shown that the jurisdictional amount in controversy is met or otherwise met its burden of establishing the existence of subject matter jurisdiction in this case.

Accordingly, this case is **remanded** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk is instructed to **close** this case and take all necessary steps to ensure prompt

remand and transfer of this file. All pending motions, if any, are denied as moot.

**Done and ordered** in chambers in Miami, Florida on October 11, 2018.

Robert N. Scola, Jr.
United States District Judge